IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-00635-NYW-NRN

ANTONA DURAN,

    Plaintiff,

v.

HOMESITE INSURANCE COMPANY,

    Defendant.

## ORDER ON MOTION TO STRIKE

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Thirteenth Affirmative Defense Pursuant to F.R.C.P. 12(f)(2) and F.R.C.P. 9(b) (the "Motion" or "Motion to Strike"). [Doc. 14]. For the reasons set forth in this Order, the Motion to Strike is respectfully **GRANTED**.

### BACKGROUND

This case arises out of an insurance coverage dispute between Antona Duran ("Plaintiff" or "Ms. Duran") and Homesite Insurance Company ("Defendant" or "Homesite"). *See generally* [Doc. 3]. In June 2023, a hailstorm caused damage to Ms. Duran's residential property, which led her to submit a claim to her insurer, Homesite. [*Id.* at ¶¶ 4, 16–18]. After numerous inspections of the property and resulting estimates of the damage, the Parties remained far apart in their estimates of the cost to repair the damage or replace the damaged parts. *See, e.g.*, [*id.* at ¶¶ 21, 38–39, 51]. On January 22, 2024, Ms. Duran sued Homesite in state court, asserting three claims against it:

(1) breach of contract; (2) statutory bad faith; and (3) common law bad faith. [*Id.* at ¶¶ 73–94].[1]

Homesite removed the case to federal court on March 8, 2024, [Doc. 1], and filed its Answer on March 15, 2024, [Doc. 10]. It asserts fourteen affirmative defenses, including that

> 13.  Plaintiff's claims are barred if Plaintiffs [sic] made misrepresentations and/or concealed material information under the insurance contract provision providing that the policy is void upon such conduct, including but not limited to concealment of prior damage, failure to separate out damage from hail from amounts including under a matching theory, and misrepresentations regarding the cost of repairs.

[*Id.* at 11 ¶ 13]. There are two policy provisions relevant to Defendant's thirteenth affirmative defense. First, the insurance policy contains a "Concealment Or Fraud" clause that sets out certain actions that may trigger coverage cancellation:

> **R.  Concealment Or Fraud**
>
> We provide coverage to no "insureds" under this policy if, whether before or after a loss, an "insured" has:
>
> **1.**  Intentionally concealed or misrepresented any material fact or circumstance;
>
> **2.**  Engaged in fraudulent conduct; or
>
> **3.**  Made false statements;
>
> relating to this insurance.

[Doc. 3 at 55]. It also states that coverage may be canceled if "there has been fraud or a material misrepresentation made by or with the knowledge of the named insured in

---

[1] Although Plaintiff's common law bad faith claim is referenced as her fourth claim for relief, *see* [Doc. 3 at 9], she only asserts three claims in her Complaint.

2

obtaining the policy, continuing the policy, or in presenting a claim under the policy." [*Id.* at 65].

Ms. Duran moves under Rule 12(f) to strike Homesite's thirteenth affirmative defense on the basis that it fails to meet the pleading requirements of Rule 9(b). *See generally* [Doc. 14]. Defendant has responded in opposition to the Motion, [Doc. 16], and Plaintiff has replied, [Doc. 19]. The Court considers the Parties' arguments below.

## LEGAL STANDARDS

I.   **Rule 12(f)**

Rule 12(f) permits a district court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993). However, motions to strike under Rule 12(f) are generally disfavored. *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985); *see also Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (describing Rule 12(f) motions as a "generally-disfavored, drastic remedy"). Indeed, courts within this district have recognized that defenses should not be stricken "if there is any real doubt" about their validity, and that "the benefit of any doubt should be given to the pleader." *Chavaria v. Peak Vista Cnty. Health Ctrs.*, No. 08-cv-01466-LTB-MJW, 2008 WL 4830792, at *1 (D. Colo. Nov. 5, 2008) (quotation omitted). The district court has "considerable discretion" in ruling on a motion to strike under Rule 12. *See Malibu Media, LLC v. Butler*, No. 13-cv-02707-WYD-MEH, 2014 WL 4627454, at *1 (D.

Colo. Sept. 16, 2014) (quoting 5C Wright & Miller, Federal Practice and Procedure § 1382 (3d ed. 2014)).

II.   **Rule 9(b)**

Rule 9(b) of the Federal Rules of Civil Procedure provides that:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). Because Rule 9 covers pleadings, these requirements apply to affirmative defenses as well as affirmative claims. *See Owners Ins. Co. v. Stahl*, No. 18-cv-00230-CMA-SKC, 2019 WL 5095711, at *6 (D. Colo. May 31, 2019); *see also* 5A Wright & Miller, Federal Practice & Procedure § 1297 (4th ed. June 2024 update) (explaining that Rule 9(b) applies to fraud-based affirmative defenses); *Sousie v. Allstate Indem. Co.*, No. 3:17-cv-05078-BHS, 2017 WL 1711044, at *2 (W.D. Wash. May 3, 2017) ("[T]he weight of authority suggests that such a defense must comply with Federal Rule of Civil Procedure 9(b)."). To plead fraud with particularity, the allegations must "'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds* (*In re Edmonds*), 924 F.2d 176, 180 (10th Cir. 1991)).

## ANALYSIS

Plaintiff moves to strike Defendant's thirteenth affirmative defense on the basis that it fails to meet the Rule 9(b) pleading standards. *See generally* [Doc. 14]. She contends first that the affirmative defense is "grounded in fraud" because it "clearly references conduct of intentional concealment or misrepresentation of material facts defined as

4

'Concealment Or Fraud' under the policy," such that the Rule 9(b) requirements apply to this affirmative defense. [*Id.* at 4]. She follows with an argument that the affirmative defense fails to meet the Rule 9(b) particularity requirements because Homesite does not "plead any element of misrepresentation or concealment of a material fact with any specificity" or allege the time, place, or contents of any alleged misrepresentation or concealment. [*Id.* at 5]. She also challenges Defendant's use of conditional language, arguing that the affirmative defense is "only . . . a simple statement outlining the consequences under the policy for concealment or misrepresentation 'if' Plaintiff committed such conduct." [*Id.* at 5 n.1].

In its Response, Homesite contends that its thirteenth affirmative defense is not a fraud defense. [Doc. 16 at 3]. Rather, it claims that it is "preserving exclusions and conditions contained in Plaintiff's policy related to misrepresentations and/or concealment of material information." [*Id.*]. According to Homesite, because it is not required to prove the elements of a common law fraud claim to succeed on its affirmative defense, its affirmative defense does not sound in fraud and Rule 9(b) is inapplicable. [*Id.* at 4–7]. Plaintiff clarifies in her Reply that she agrees that Defendant's fraud-based affirmative defense does not require the elements of proof of a common-law fraud claim. [Doc. 19 at 1, 3]. She maintains, however, that the affirmative defense is nevertheless grounded in fraud because "it alleges intentional misrepresentation or concealment of a material fact based on the policy's 'fraud clause.'" [*Id.* at 3].

The Court respectfully agrees with Plaintiff that Defendant's thirteenth affirmative defense is a fraud-based defense. Rule 9's pleading requirements apply to any claim or defense "sounding in fraud." *Touchtone Grp., LLC v. Rink*, 913 F. Supp. 2d 1063, 1076

5

(D. Colo. 2012).  "*Any claim*"—or affirmative defense—"may be subject to Rule 9(b)'s heightened pleading standard if the claim [or defense] is grounded in fraud."  *Hardy v. Flood*, No. 17-cv-00677-CMA-MJW, 2018 WL 1035085, at *3 (D. Colo. Feb. 23, 2018) (emphasis added) (quotation omitted); *see, e.g.*, *Goode v. Zavodnick*, No. 20-cv-00742-DDD-KLM, 2023 WL 3568126, at *14 (D. Colo. Feb. 17, 2023) ("When an unjust-enrichment claim is premised on allegedly fraudulent conduct, it must be pleaded with particularity pursuant to Federal Rule of Civil Procedure 9(b)."); *Great Lakes Ins., S.E. v. Highland W. LLLP*, No. 19-cv-00508-LTB, 2019 WL 11641301, at *3 (D. Colo. Aug. 2, 2019) (breach of contract claim that alleged intentional misrepresentation was subject to Rule 9 requirements); *Denver Health & Hosp. Auth. v. Beverage Distrib. Co., LLC*, 843 F. Supp. 2d 1171, 1177 (D. Colo. 2012) (declining to apply Rule 9 to negligent misrepresentation claim because it was based on negligence, not fraud), *aff'd*, 546 F. App'x 742 (10th Cir. 2013).  In other words, Rule 9's applicability turns not on the title of the claim or defense or the pleader's own framing of the claim or defense, but on the nature and substance of the supporting allegations.

Homesite's affirmative defense contemplates that Plaintiff's claims are barred if she "made misrepresentations and/or concealed material information," including prior damage or the cost of repairs.  [Doc. 10 at 11].  In its response to the Motion to Strike, *see* [Doc. 16 at 3], Homesite says that it asserted this affirmative defense pursuant to the policy's "Concealment or Fraud" clause, which permits Homesite to cancel coverage if the insured (1) "*[i]intentionally concealed or misrepresented*" a material fact; (2) "[e]ngaged in *fraudulent conduct*;" or (3) "[m]ade *false* statements."  [Doc. 3 at 55 (emphasis added)].  This affirmative defense is undoubtedly based on allegations of

6

(hypothetical) *intentional* misrepresentation or concealment on the part of Plaintiff, not mere negligent or accidental omissions. Indeed, to succeed on this defense, Homesite would need to prove that "(1) the insured misrepresented or omitted a fact; (2) the misrepresentations or omissions were material; and (3) the insured *intended* to deceive the insurer." *Wheatridge Off., LLC v. Auto-Owners Ins. Co.*, 578 F. Supp. 3d 1187, 1202 (D. Colo. 2022) (emphasis added). For these reasons, the Court agrees with Plaintiff that Homesite's thirteenth affirmative defense sounds in fraud and is subject to the requirements of Rule 9.

Plaintiff next contends that the affirmative defense fails to meet Rule 9's particularity requirements because it "does not allege any time, place and contents of the false representation or concealment nor does it allege the consequences of any alleged misrepresentations or concealment" and because it uses conditional language. [Doc. 14 at 5 & n.1]. Having only argued that it does not assert a fraud defense, Homesite does not counter Plaintiff's argument. *See generally* [Doc. 16].

The Court respectfully agrees with Plaintiff. Rule 9 "requires the pleader to allege the who, what, when, where, and how of the alleged fraud—in other words, the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Tara Woods Ltd. P'ship v. Fannie Mae*, 731 F. Supp. 2d 1103, 1114 (D. Colo. 2010) (quotation omitted), *aff'd*, 566 F. App'x 681 (10th Cir. 2014). "Logically, the requirements of Rule 9(b) are relaxed somewhat when the alleged fraud arises from the speaker's omission of material facts, as one cannot allege with particularity the time, place, and contents of something that was never said." *SEC v. Nacchio*, 438 F. Supp. 2d 1266, 1277 (D. Colo. 2006). "In these circumstances, Rule 9(b)

7

is satisfied if the Complaint alleges the particular information that should have been disclosed, the reason the information should have been disclosed, the person who should have disclosed it, and the approximate time or circumstances in which the information should have been disclosed." *Id.* at 1277–78.

At a first glance, Defendant's Answer could be construed to meet some of these requirements—for example, it contemplates the "who" (Plaintiff) and the "what" (misrepresentations or concealment about "prior damage" or the "cost of repairs"). But a more careful reading of the affirmative defense shows that Homesite does not actually allege that Plaintiff made any misrepresentations or concealed anything *at all*. Rather, it alleges that "*if* Plaintiff[] made misrepresentations and/or concealed material information," then Plaintiff's claims would be barred. [Doc. 10 at 11 (emphasis added)]. "As so phrased, the defense states, at best, an abstract legal proposition, not a fact-based affirmative defense." *Coral Crystal, LLC v. Fed. Ins. Co.*, No. 17-cv-01007-LTS-BCM, 2021 WL 84308, at *6 (S.D.N.Y. Jan. 11, 2021). This is insufficient to meet Rule 9's particularity requirements. *Cf. Auto-Owners Mut. Ins. Co. v. Coffin*, No. 4:22-cv-00129-SHL-HCA, 2023 WL 3479170, at *6 (S.D. Iowa May 1, 2023) (concluding that similar conditional allegations failed to satisfy the *Twombly* and *Iqbal* standards under Rule 8); *Hardy*, 2018 WL 1035085, at *3 (explaining that the Rule 9 requirements are "heightened" in comparison to the *Twombly*/*Iqbal* requirements under Rule 8).

Defendant itself states that the defense is intended to "preserv[e] exclusions and conditions contained in Plaintiff's policy related to the impact misrepresenting and/or concealing material information has on coverage for the claim." [Doc. 16 at 7]. Defendant's intent was likely to protect against waiving its ability to assert the affirmative

defense if it learned of information during discovery that would trigger the policy's Concealment Or Fraud clause. *See Bentley v. Cleveland Cnty. Bd. of Cnty. Comm'rs*, 41 F.3d 600, 604 (10th Cir. 1994) ("Failure to plead an affirmative defense results in a waiver of that defense."). However, a party cannot waive a right that does not yet exist. *See Gosman v. State Farm Mut. Auto. Ins. Co.*, No. 06-cv-00688-WDM-CBS, 2008 WL 239571, at *6 (D. Colo. Jan. 25, 2008) ("Waiver is the intentional and voluntary abandonment of a known right."). And Rule 11(b)(3), which permits a party to raise factual allegations that "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," *see* Fed. R. Civ. P. 11(b)(3), "is not a license to allege facts first and then investigate," *Coral Crystal*, 2021 WL 84308, at *6 (quotation omitted). If Homesite learns of information in discovery that triggers the Concealment Or Fraud clause, Defendant may—after a robust meet and confer with Plaintiff—amend or seek leave to amend its Answer (depending upon the requirements of the applicable Federal Rules of Civil Procedure and Local Rules of Civil Practice). *Cf. Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (contemplating motions to amend based on information learned in discovery). But as it stands now, Defendant's cursory, conditional defense does not meet the requirements of Rule 9 and must be stricken under Rule 12(f).

## CONCLUSION

For these reasons, **IT IS ORDERED** that:

(1)    Plaintiff's Motion to Strike Defendant's Thirteenth Affirmative Defense Pursuant to F.R.C.P. 12(f)(2) and F.R.C.P. 9(b) [Doc. 14] is **GRANTED**.

DATED:  November 25, 2024           BY THE COURT:

_____
Nina Y. Wang
United States District Judge

10